IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-cv-36 |
| | ) | |
| vs. | ) | |
| | ) | |
| ASHLEY BROWN, DNP, ARNP, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND ORDER

WHEREAS, the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the United States Department of Health and Human Services ("HHS") ("United States") commenced this action by filing a Complaint, under the False Claims Act, against Ashley Brown, DNP, ARNP ("Brown"):

WHEREAS, the United States contends that Brown caused to be submitted claims for payment to the Medicare program, Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.* ("Medicare") by: (1) knowingly causing the submission of false or fraudulent claims to Medicare; (2) knowingly making, using, or causing to be made or used, false records and statements to obtain payment from Medicare; and (3) conspiring to defraud Medicare by causing the submission and payment of false or fraudulent claims;

WHEREAS, the United States contends that it has certain civil claims against Brown under the False Claims Act, codified at 31 U.S.C. §§ 3729-3733, as articulated

1

in the Complaint, for the following alleged conduct occurring between April 17, 2020 and May 19, 2021 (the "Relevant Time Period"):

    a) Brown caused to be billed to Medicare claims for Durable Medical Equipment (DME) that were unreasonable and not medically necessary;

    b) Brown referred Medicare patients for the furnishing of DME and ordered or arranged for the ordering of DME based on pre-populated and inaccurate patient records over which Brown provided only cursory review, and sometimes no meaningful review at all;

    c) The DME for which Brown referred patients and ordered was unsolicited by the Medicare patients, unwanted, unnecessary, and rarely used;

    d) Brown entered into financial arrangements with, and received illegal remuneration from, a locum tenens provider staffing firm to provide telehealth services for clients of the firm in exchange for the referral of Medicare patients for the furnishing of DME and ordering or arranging for the ordering of DME, in violation of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b;

    e) Brown was compensated by the locum tenens provider staffing firm in the amount of $20 per patient record reviewed. Brown was paid approximately $17,520 by the locum tenens provider staffing firm during the Relevant Time Period;

f) By receiving payments of $20 per patient reviewed, Brown knowingly and willfully received remuneration in return for referring 660 Medicare beneficiaries for medically unnecessary DME for which payment was to be made in whole or in part by Medicare during the Relevant Time Period;

g) Brown did not have a valid patient-provider relationship with any of the 660 beneficiaries for whom she wrote DME prescriptions during the Relevant Time Period;

h) By engaging in only perfunctory or no review of the patient records, Brown violated state law by failing to "follow the standards of practice for [her] respective population foci." Iowa Admin. Code r. 655-7.5.

i) Brown's actions resulted in at least 1,717 claims to Medicare that were false or fraudulent because they were tainted by kickbacks, not medically necessary, and/or not in accordance with Iowa law regarding the standard of care for approximately 660 beneficiaries, for which the Medicare program paid $1,055,672.38;

j) Each of these terms was material to Medicare's payment of these claims; and

k) Medicare was damaged by Brown's conduct when it paid the claims at issue, and the United States is entitled to treble damages and penalties on each of the 1,717 claims.

The above conduct is referred to below as the "Covered Conduct."

3

WHEREAS, the United States seeks damages and civil penalties against Brown under the False Claims Act, 31 U.S.C. §§ 3729-3733; and

WHEREAS, the parties desire to reach a full and final settlement and compromise of the claims that the United States asserts against Brown by entering into this stipulation of settlement (the "Stipulation");

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Court has jurisdiction over this matter under 31 U.S.C. §§ 3730, 3732(a), and 28 U.S.C. §§ 1331, 1345.

2. Brown acknowledges that the Covered Conduct described in the Complaint, if proven at trial, would constitute violations of the False Claims Act as described in the Complaint.

## RECITALS

A. At all times relevant to this Stipulation, Brown was a nurse practitioner practicing as an advanced registered nurse practitioner in the State of Iowa.

B. The United States contends that Brown submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395lll ("Medicare").

C. This Stipulation is not a concession by the United States that its claims are not well-founded.

D. This Stipulation is not a concession by Brown that she has no defense to the claims asserted by the United States.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Stipulation, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. Brown shall pay to the United States Fifty-Two Thousand Five-Hundred Sixty Dollars ($52,560) ("Consent Judgment Amount"), of which $17,520 is restitution, no later than <u>ten (10)</u> days after the Effective Date of this Stipulation by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Northern District of Iowa.

2. Subject to the exceptions in Paragraph 3 (concerning reserved claims) below, and upon the United States' receipt of the Consent Judgment Amount, the United States releases Ashley Brown, DNP, ARNP from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

3. Notwithstanding the release given in Paragraph 2 of this Stipulation, or any other term of this Stipulation, the following claims and rights of the United States are specifically reserved and are not released:

   a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);
   b. Any criminal liability;

c. Except as explicitly stated in this Stipulation, any administrative liability or enforcement right, including mandatory or permissive exclusion from Federal health care programs;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Stipulation; and

f. Any liability of individuals other than Brown.

4. Brown has provided sworn financial disclosures and supporting documents (together "Financial Disclosures") to the United States and the United States has relied on the accuracy and completeness of those Financial Disclosures in reaching this Stipulation. Brown warrants that the Financial Disclosures are complete, accurate, and current as of the date they were provided. If the United States learns of asset(s) in which Brown had an interest of any kind as of the date the Financial Disclosures were provided (including, but not limited to, promises by insurers or other third parties to satisfy Brown's obligations under this Stipulation) that were not disclosed in the Financial Disclosures, or if the United States learns of any false statement or misrepresentation by Brown on, or in connection with, the Financial Disclosures, and if such nondisclosure, false statement, or misrepresentation changes the estimated net worth set forth in the Financial Disclosures by $10,000 or more, the United States may at its option: (a) rescind this Stipulation and reinstate its suit or file suit based on the Covered Conduct or (b) collect the full Consent Judgment Amount in accordance with the Stipulation plus

6

one hundred percent (100%) of the net value of Brown's previously undisclosed assets. Brown agrees not to contest any collection action undertaken by the United States pursuant to this provision and agrees that she will immediately pay the United States the greater of (i) a ten-percent (10%) surcharge of the amount collected in the collection action, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses incurred in such an action. In the event that the United States, pursuant to this paragraph, rescinds this Stipulation, Brown waives and agrees not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the United States within 120 calendar days of written notification to Brown that this Stipulation has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on the Effective Date of this Stipulation.

5. Brown waives and shall not assert any defenses Brown may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

6. Brown fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Brown has asserted,

could have asserted, or may assert in the future against the United States, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof. However, this release does not prevent Brown from raising any defenses she may have in response to the claims reserved and not released by the United States as set forth in Paragraph 3, except as described in Paragraph 5.

7. The Consent Judgment Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Brown agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

8. Brown agrees to the following:

   a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395lll and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Brown:

      i. the matters covered by this Stipulation;

      ii. the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Stipulation;

8

iii. Brown's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Stipulation (including attorneys' fees);

iv. the negotiation and performance of this Stipulation; and

v. the payment Brown makes to the United States pursuant to this Stipulation.

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b. <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs shall be separately determined and accounted for by Brown, and Brown shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Brown or any of her subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Brown further agrees that within 90 days of the Effective Date of this Stipulation she shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and

9

FEHBP fiscal agents, any Unallowable Costs (as defined in this paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Brown or any of her subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Brown agrees that the United States, at a minimum, shall be entitled to recoup from Brown any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Brown or any of her subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this paragraph) on Brown or any of her subsidiaries or affiliates' cost reports, cost statements, or information reports.

d. Nothing in this Stipulation shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Brown's books and

10

records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

9. Brown agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Stipulation. Brown further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in her possession, custody, or control concerning any investigation of the Covered Conduct that she has undertaken, or that has been performed by another on her behalf.

10. This Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 11 (waiver for beneficiaries paragraph), below.

11. Brown agrees that she waives and shall not seek payment for any of the health care billings covered by this Stipulation from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third-party payors based upon the claims defined as Covered Conduct.

12. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

13. Each Party and signatory to this Stipulation represents that it freely and voluntarily enters into this Stipulation without any degree of duress or compulsion.

11

14. This Stipulation is governed by the laws of the United States. The exclusive venue for any dispute relating to this Stipulation is the United States District Court for the Northern District of Iowa. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15. This Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties. Forbearance by the United States from pursuing any remedy or relief available to it under this Stipulation shall not constitute a waiver of rights under this Stipulation.

16. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

17. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation.

18. This Stipulation is binding on Brown's successors, transferees, heirs, and assigns.

19. All Parties consent to the United States' disclosure of this Stipulation, and information about this Stipulation, to the public.

20. This Stipulation is effective on the date of signature of the last signatory to the Stipulation (Effective Date of this Stipulation). Facsimiles and electronic

transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

## THE UNITED STATES OF AMERICA

DATED: 3/22/14    BY: _____
TIMOTHY T. DUAX
United States Attorney

Brandon J. Gray
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa

DATED: _____   BY: _____
SUSAN GILLIN
Digitally signed by SUSAN GILLIN
Date: 2024.03.07 19:46:38 -05'00'

Susan E. Gillin
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

## ASHLEY BROWN, DNP, ARNP - DEFENDANT

DATED: March 4, 2024    BY: _____
DocuSigned by: Ashley Brown
125A9D617B264A9...
Ashley Brown, DNP, ARNP

DATED: March 5, 2024    BY: _____
DocuSigned by: Rebecca A. Brommel
8E0F57ADBDCF4E6...
Rebecca A. Brommel
Counsel for Ashley Brown, DNP, ARNP

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2024.

13

_____

[JUDGE]  
UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF IOWA